UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| RUSHEN GRUMBKOW, | : | Bankruptcy No. 06-13921DWS |
| | : | |
| Debtor. | : | |

# MEMORANDUM OPINION

**BY: DIANE WEISS SIGMUND, Chief Bankruptcy Judge**

On September 27, 2006 I entered an order ("Order on Appeal") dismissing the above-captioned Chapter 13 pro se bankruptcy case for the Debtor's failure to file any of the documents required by § 521 of the Bankruptcy Code as implemented by Federal Rule of Bankruptcy Procedure 1007 and Local Bankruptcy Rule 1007.  Specifically the Order on Appeal noted that the missing documents were the certificate of credit counseling, the Chapter 13 plan, the statement of monthly income, all schedules and the statement of financial affairs.  The Order further stated that "[a]s this is debtor's 5th bankruptcy case, any future petition shall be accompanied by all required documents or it shall be dismissed."  On October 25, 2006 the Debtor filed a letter seeking to appeal "the dismissal of the above referenced case."  Doc. No. 10.

Orders dismissing cases for documentary deficiencies are routinely entered by the bankruptcy court without much elaboration.  The Order on Appeal is no exception.  Local Bankruptcy Rule 8001-1 provides the bankruptcy judge an opportunity to explain the

basis of her ruling when an order is the subject of an appeal by filing a written opinion in support of the order. This memorandum is pursuant to that rule.[1]

**DISCUSSION**

Section 521 of the Bankruptcy Code, which sets forth the debtor's duties, mandates that the debtor file a list of creditors and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures; a statement of financial affairs, copies of all payment advices received within 60 days of the filing of the petition, and a statement of monthly net income. 11 U.S.C. § 521(a)(1). Additionally an individual debtor shall file a certification of compliance with § 109(h), i.e., a certificate of credit counseling evidencing that such counseling was secured prior to filing the petition or her entitlement to a waiver or extension of the requirement. Id. § 521(b). The documents may be filed with the petition or within the proscribed extension set forth in the statute and/or rules. The documents are essential to administer the bankruptcy case.[2] The failure to timely file the required documents constitutes "cause" for dismissal of the bankruptcy case. 11 U.S.C. § 1307(c)(9) and (10).

---

[1] Amplification of the ruling may not be necessary as it appears that the notice of appeal is untimely. Fed.R.Bankr.P. 8002(a). The Order was entered on the docket on September 28, 2006. The ten-day appeal period ended on October 10, 2006 (giving effect to the weekend and public holiday); the notice was filed October 26, 2006. Moreover, it also appears from the docket that the filing fee has not been paid.

[2] For example, without the Schedules and Statement of Affairs, the Chapter 13 trustee cannot conduct the mandatory § 341 meeting. Absent the filing of a plan, the debtor's duty to begin payments to the Chapter 13 trustee cannot be administered. Most significantly, absent the certificate of credit counseling, a debtor has not established her eligibility to be a debtor. Absent the creditor matrix, creditors receive no notice of the filing.

Pursuant to this Court's routine practice, an order (the "Initial Order") was generated from the case management system immediately after the petition was filed on September 8, 2006 advising the Debtor of what documents were missing and the dates that they were due. Doc. No. 3. Specifically she was advised that her Certificate of Credit Counseling or Request for a Waiver of the Credit Counseling Requirement was due seven days of the filing of the petition, i.e., September 15, 2006, absent which the case may be dismissed without additional notice or hearing after that date.[3] The other required documents (Schedules A-J, Statement of Financial Affairs, Statement of Current Monthly Income and Chapter 13 Plan) were due in 15 days or by September 25, 2006 unless an extension was sought and granted prior to the expiration of the 15 days. Fed.R.Bankr.P. 1007(c). The Initial Order made clear that upon failure to comply the case may be dismissed without additional notice or hearing. No application for an extension of these dates was ever filed. Accordingly, on September 27, 2006 the case was dismissed. Debtor never sought relief from the Order by proferring the documents upon receipt of the dismissal order and does not do so with her letter notice.[4]

As noted, the Order on Appeal dismissing the case requires the Debtor to file all these required documents with the petition as a condition to the initiation of a new bankruptcy

---

[3] Interim Federal Bankruptcy Rule 1007(c) requires the Certificate of Credit Counseling to be filed with the petition but appears to allow the court discretion to relax the timing by ordering otherwise. This Court's order provides a seven day grace period as a matter of due process. However, credit counseling is an eligibility requirement imposed by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 and absent prompt evidence of compliance, the case is dismissed.

[4] This is not to suggest that such relief would have been granted.

case. The Debtor's bankruptcy history justifies this filing condition. When the case was flagged as having documental deficiencies, I recognized the Debtor's name as a serial filer, and took judicial notice of the Debtor's bankruptcy history by examining the dockets in her prior cases. Fed.R.Evid. 201 incorporated in these proceedings by Fed.R.Bankr.P. 9017. See Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1200 n.3 (3d Cir. 1991); Levine v. Egidi, 1993 WL 69146, at *2 (N.D. Ill. 1993); In re Paolino, 1991 WL 284107, at *12 n. 19 (Bankr. E.D. Pa. 1991); see generally In re Indian Palms Associates, Ltd., 61 F.3d 197 (3d Cir. 1995). I learned that this was Debtor's fifth unsuccessful bankruptcy case.

A review of the dockets in those cases reveals the following. The first case, 00-15212, a joint pro se Chapter 13 petition with her husband,[5] was dismissed for failure to file the required documents. Less than one month after the dismissal, a pro se Chapter 11 petition was filed for the same debtors. That case was dismissed less than three months later upon motion of the United States trustee for failure to file the required documents after an extension was afforded. The dismissal order contained the same condition of refiling imposed in the Order on Appeal, i.e., any further petition shall be accompanied by all the required documents which if not filed, would result in the dismissal of the case without further notice. In the third case, a joint Chapter 13 petition by Debtor and her husband, 02-33115, dismissal was granted on motion of the mortgagee after two months of protection. The dismissal order contained a 180 day bar on refiling. That order was appealed to the district and circuit courts which both affirmed. Notably the appellate proceedings were not

---

[5] A corporate entity was also named as a joint debtor contrary to the jurisdictional requirements of section 109(e) that restricts Chapter 13 to individual debtors.

-4-

concluded until April 7, 2005 at which time Debtor had already filed and had dismissed her fourth case, 03-38626. In this case filed on December 26, 2003, she neither filed the required documents nor paid the first installment of the filing fee. Dismissal on January 24, 2004 followed one month of bankruptcy protection without performing any of her duties under the statute and rules.

Over the course of five cases Debtor has repeatedly been made aware through multiple notices of the requirements of the Bankruptcy Code and Rules. She has also learned that dismissal of her case is the consequence of her failure to perform these mandatory duties without which the court and trustee cannot administer her bankruptcy case. In none of the five times she and her husband have received bankruptcy protection have they disclosed their assets and liabilities, their income and expenses, offered a plan for reorganization, paid the filing fee or the Chapter 13 trustee. Debtor's refusal to timely file the required documents once again or seek an extension for cause undermines the presumption of good faith that accompanies a bankruptcy petition. The automatic stay of § 362(a) which acts as an injunction against creditor action without any showing by the debtor is a powerful remedy subject to abuse. Requiring the debtor to prove she is serious about her bankruptcy case by filing the all the required documents with the petition is a fair accommodation between the interests of the Debtor for further bankruptcy relief and the creditors not to be stayed by a bad faith filing.

In appropriate circumstances where the facts evidence an abuse of the provisions, purposes and spirit of Chapter 13, this Court has joined other bankruptcy courts that find that more than dismissal is warranted. In re Dami, 172 B.R. 6, 11 (Bankr. E.D. Pa. 1994).[6] In such a case, Bankruptcy Rule 9011, incorporating Fed.R.Civ.P.11, has been utilized to bar future filings without leave of court.[7] Indeed such a sanction was imposed on debtor and her husband in an earlier case. The Court's ability to impose this sanction in appropriate cases is necessary to maintain the integrity of the bankruptcy process and avoid burdening the court's docket with frivolous cases, thereby depleting valuable and limited court resources which could be channeled to meritorious cases. Notably I did not bar further bankruptcy

---

[6] In Dami, the debtor had filed four unsuccessful bankruptcy cases over 3-1/2 years each on the eve of a mortgage foreclosure proceeding, thereby securing the benefit of the automatic stay to obstruct the mortgagee. His Schedules were replete with not only omissions but false statements about his assets and liabilities, income and expenditures, and his excuses for the state of his documents were found to be "lame and incredible." Importantly, I found that:

> this is the precise type of bankruptcy recidivism that mocks the bankruptcy system. There can be no question that Debtor's conduct is a flagrant abuse of the automatic stay provisions of the Bankruptcy Code, interposed for the sole purpose of harassment and delay and intended to cause Movant great cost and expense.

Id. at 11.

[7] As the Court in In re Jones, 117 B.R. 415, 420 (Bankr. N.D. Ind. 1990) stated:

> [W]here a debtor files a petition in bankruptcy with no intention of obtaining the benefits or the goals for which the proceeding was designed or with no intention of pursuing those proceeding[s] to their natural conclusion, the bankruptcy code is being abused and bankruptcy rule 9011 is being violated.

See also In re Narod, 138 B.R. 478, 482 (E.D. Pa. 1992) (sanctions imposed under Rule 9011 are not limited to expenses or fees).

relief[8] but only required Debtor to do what she is required to do under the statute and rules as a *quid pro quo* of the privileges attendant to bankruptcy protection. The Order on Appeal was a proper exercise of this Court's discretion to prevent abuse of the federal bankruptcy laws which are intended to provide the honest but unfortunate debtor with an opportunity for a fresh financial start. For over six years Debtor and her husband have been in and out of bankruptcy and through repeated cases which have presumably stayed creditor action, have never utilized bankruptcy for this legitimate purpose. This case was properly dismissed and the condition of refiling an appropriate prophylactic measure to address prospective bankruptcy abuse.

*Diane W. Sigmund*

_____
DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

Dated: November 13, 2006

---

[8] It is not uncommon where evidence of serial filings is apparent for the Chapter 13 trustee or United States trustee to file a motion for such a bar on refiling. Such sanction would only be considered on notice and actual hearing held. Such a motion was filed and granted in Debtor's second case. However, this case was dismissed before a motion could be filed or heard.